The judgment of the district court will be affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Lee KING, Defendant-Appellant.**

**No. 25257.**

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1970.

James D. Hadfield (argued), of Hersh & Hadfield, San Francisco, Cal., for appellant.

James G. Milano (argued), Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury for violation of 18 U.S.C. § 2113(a) (d) armed bank robbery, placing lives in jeopardy. He alleges error in the admission of certain evidence and in the use of certain in-court identification procedures. We affirm the conviction.

### I.

■ Appellant contends that he was required at the trial to don certain distinctive clothing used in the robbery, and that thereby he was denied a fair trial and due process of law.

In Holt v. United States, 218 U.S. 245, 252–253, 31 S.Ct. 2, 54 L.Ed. 1021 (1910) a witness was permitted to testify that the defendant put on a blouse and the blouse fit him. The Court held there was no violation of the Fifth Amendment. The case was cited with approval in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). If a witness could be permitted to testify to such a proceeding occurring out of court, then certainly the same procedure at the trial, with counsel present, would not be impermissible. Although Holt only considered the Fifth Amendment problem, we see no basis for the claim here of lack of due process and unfairness in the trial. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966), involved the taking of a blood sample. The Court rejected a due process claim. It also stated:

> "On the other hand, both federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." [p. 764, 86 S.Ct. p. 1832].

■ Finally, United States v. Wade, supra, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), relied on by appellant, do not apply to in-court identification procedures. Allen v. Rhay, 431 F.2d 1160 (9 Cir. 1970).

### II.

Appellant advances several claims regarding allegedly erroneous admissions of evidence. First, he contends that the court committed prejudicial error by allowing a witness to, in effect, "re-enact" a prior identification of appellant from a series of photographs in the presence of the jury.

■ A Dr. McDonald at the trial was shown a spread of photographs and selected the photograph of appellant. His identification, however, was only tentative. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), relied on by appellant, concerned only out-of-court identification by photograph. At the trial no photographs were used. The case does not apply to the in-court use of photographs. The Simmons court refused to prohibit out-of-court identification by photographs "either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement." (p. 383, 88 S.Ct. p. 971). In any event, under the facts here, the photograph identification was not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (p. 384, 88 S.Ct. p. 971).

■■ Second, appellant argues that the courtroom identification by witness Sanguinetti and witness Nunn occurred under prejudicial conditions because appellant was the only Negro in the courtroom. In-court identifications rest in the sound discretion of the trial court. Absence from the courtroom of persons of appellant's race is a fact that the jury may consider in according weight to the identification. We find no reversible error.

■ Third, appellant asserts that the testimony of the prosecution's witness Porta was irrelevant and highly prejudicial. However, when the prosecution

could not properly connect the testimony with the event in question, the court instructed the jury to disregard Porta's testimony. The court also directed the jury to disregard this testimony in its final instructions. We find no error.

▉ Fourth, appellant asserts that the testimony of prosecution witness Robertson (a co-defendant who had earlier pleaded guilty) was tainted by prior coercion by government agents. Robertson's testimony, however, was supportive of appellant's innocence. Robertson testified that appellant was *not* one of the bandits assisting him in the robbery, and would refer to his fellow bandits only as "A" and "B". The record does not reflect any evidence of coercion or damaging testimony by Robertson. We find no error.

### III.

▉ Finally, appellant contends that the evidence is insufficient to support the verdict. We do not agree. The record contains an eyewitness identification (Sanguinetti) and evidence that appellant's fingerprints were found on a paper bag that had contained the stolen money. We find that the evidence was sufficient to support the jury's verdict.

Judgment is affirmed.