**UNITED STATES of America**

v.

**Enoch Stanley HARVEY, Appellant.**

**No. 19386.**

United States Court of Appeals, Third Circuit.

Argued Feb. 17, 1971.

Decided March 12, 1971.

Lawrence Friedman, Newark, N. J., for appellant.

Frederick B. Lacey, U. S. Atty., Newark, N. J., for appellee; George J. Koelzer, Asst. U. S. Atty., Newark, N. J., on the brief.

Before FREEDMAN, SEITZ and ROSENN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

Defendant appeals his conviction and sentence, after a jury trial, under an indictment charging him in Count I with bank robbery, 18 U.S.C. § 2113(a), and in Count II with placing the lives of persons in jeopardy by use of a dangerous weapon during a bank robbery, 18 U.S.C. § 2113(d).

■ ■ Defendant asserts first that the district court's charge was in effect confusing, suggestive, and erroneous in that it permitted the jury to convict on both counts, acquit on both counts, or convict on Count I and acquit on Count II but not the reverse. We think the charge was clear and accurate. The robbery requirements under 18 U.S.C. § 2113(a) constitute a lesser included element of the crime defined in 18 U.S.C. § 2113(d). The application of the merger doctrine in connection with sentencing under this statute should not be confused with the fact that the various subparagraphs of the statute nevertheless create separate crimes. See United States v. McKenzie, 414 F.2d 808 (3d Cir. 1969).

■ Contrary to defendant's second contention, the court properly charged that although defendant was indicted only as a principal he could be convicted of aiding and abetting. United States v. Provenzano, 334 F.2d 678, 691 (3d Cir. 1964).

■ Defendant also says "it was error to exclude certain persons of the same color [black] and physical bearing as defendant who were there for identification purposes, from the enclosure near the defendant under the circumstances of this case." Since defendant based his defense on mistaken identity, he moved immediately before trial to have three other Negro males seated with him during the trial itself. The fact is that the district court agreed that all but one of these individuals could sit near the defendant. It was defendant's choice not to have any of them present under the circumstances. The individual the court excluded by its ruling wore a goatee and moustache and was the same height and build as defendant. While defendant was clean-shaven at the time of his motion and trial, the Government represented to the court without challenge that defendant had also had a goatee when arrested. We think the ruling of the district court was well within the exercise of sound discretion. See United States v. King, 433 F.2d 937 (9th Cir. 1970).

Other alleged errors were not the subject of trial objection. Since they do not amount to plain error the court will not rule on them.

The judgment of the district court will be affirmed.