**Dickie R. O'CLAIR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-1202.**

United States Court of Appeals, First Circuit.

Submitted Nov. 20, 1972.

Decided Dec. 13, 1972.

Dickie R. O'Clair on brief pro se.

Peter Mills, U. S. Atty., John B. Wlodkowski, Asst. U. S. Atty., Jerome M. Feit, and Fred M. Acuff, Jr., Attys., Dept. of Justice, on brief for respondent-appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

COFFIN, Chief Judge.

In this proceeding under 28 U.S.C. § 2255, the appellant challenges his convictions and sentences under a two-count indictment, charging him with bank robbery in violation of 18 U.S.C. § 2113(a), and assaulting or putting in jeopardy the lives of bank employees, by use of a dangerous weapon, while committing the robbery, in violation of 18 U.S.C. § 2113 (d). The district court, which had, after he pleaded guilty, imposed concurrent sentences of 15 years for each count, set aside the sentence under Count I, as required by Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), but refused to set aside the convictions or the 15-year sentence under Count II. Appellant attacks the dual convictions both as violative of Congressional intent and of the double jeopardy clause of the Fifth Amendment.[1]

In Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), the Supreme Court held that the two provisions here involved create not two separate crimes but rather a single offense. In Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Court reaffirmed that 18 U.S.C. § 2113 (d) does not proscribe a separate offense but merely makes the offense of simple

---

1. Since our holding goes to the power of the court to enter two convictions, objection at the time of plea or trial would not seem to be required. But in any case, both appellant and his counsel objected to the dual convictions before the pleas were entered.

bank robbery in § 2113(a) an aggravated one. It held that therefore two sentences may not be imposed for conviction under both provisions. *Id.* at 306, 81 S.Ct. 653. Although the original posture of that case was identical to ours, in that convictions and sentences had been entered on two counts, one alleging a violation of subsection (a) and the other of subsection (d), it came before the Court on a challenge to "the legality of the twenty-five-year sentence for aggravated bank robbery", *id.* at 303, 81 S.Ct. at 654, and thus the only issue considered and decided was the propriety of the two sentences. We do not believe that *Green* can properly be read to have passed on the propriety under the statute of two convictions for this one offense.[2]

In a long series of cases, the Supreme Court has held that when Congress has been ambiguous in defining the unit of conviction courts should resolve the ambiguity "in favor of lenity." Bell v. United States, 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955); United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957); Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L. Ed.2d 407 (1959); *see also* Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Significantly, both *Prince* and *Heflin* involved interpretations of the Bank Robbery Act. In *Prince* the Court held that the crime of entry into a bank with intent to commit a felony, proscribed by the second part of § 2113(a) merged, upon completion of the robbery, into the crime of bank robbery, proscribed by the first part of that subsection, and that only one sentence could be imposed for that offense. In *Heflin* the Court, noting its use of the rule of lenity in *Prince,* held that the provisions of subsection 2113(c) making criminal the receipt of money stolen from a bank was not designed to increase the punishment for the robber but only to provide punishment for those who get the loot from him. 358 U.S. at 419, 79 S.Ct. 451. Importantly, the claim presented in *Heflin,* with which the Court agreed by its reversal of the lower courts' denial of the § 2255 motion, was "that he could not be lawfully *convicted* under both subsections (c) and (d) of § 2113." *Id.* at 417, 79 S.Ct. at 452. [Emphasis added.] It is noteworthy that in both *Prince* and *Heflin,* the regular bank robbery offense charged was the aggravated one of subsection (d), charged in

2. Nor can any of our earlier decisions be read to have passed on that issue. In McMillen v. United States, 386 F.2d 29 (1st Cir. 1967), multiple convictions under these two provisions of the Bank Robbery Act were challenged as invalid because of their necessary inconsistency, a robbery, it was argued, being committed either with or without a gun. We rejected that claim because we found no inconsistency. We noted however that:

"What is involved here, however, is a lesser offense all elements of which are included in a greater offense." *Id.* at 37.

We are now asked to decide whether the fact that simple bank robbery is a lesser included offense renders two convictions invalid. *See* n. 4 *infra.* In Campbell v. United States, 269 F.2d 688 (1st Cir. 1959), the defendants made a motion to dismiss the indictments on the grounds that the offenses set forth in the seven counts against each individual were but one offense or in the alternative that the government be required to elect which one of the counts to prosecute at trial. We simply said "This motion was properly denied by the district judge. See Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 385." 269 F.2d at 692. But five of those seven counts were for threatening the lives of five different individuals while committing a bank robbery, and thus involved separate acts. Here the complaint is that the same act of bank robbery is charged in two counts. Moreover, insofar as the motion was an attempt to narrow the prosecution to one count, the court was correct in denying the motion. *See* discussion *infra.* Both *Ekberg* and Pugliese v. United States, 353 F.2d 514 (1st Cir. 1965) involved different statutes.

one count, as is apparently the wont in the Fifth Circuit. Indeed, that court held in *Prince* that:

> "when one is charged with committing or attempting to commit an offense defined in (a) or (b), and also the aggravating acts defined in (d) in conjunction therewith, *only one conviction will stand.*" 230 F.2d 568, 571. [Emphasis added.][3]

■■ We agree with the Fifth Circuit. Although approaching construction of the statute with the rule of lenity in mind, we find that here the legislative intent is relatively unambiguous. The House Report on the original Bank Robbery Act, of which the present subsections (a) and (d) were both a part, makes clear the Congressional purpose in enacting the latter provision. After describing the basic crime of bank robbery, the Committee said:

> "If an assault be committed or the life of any person put in jeopardy, by use of a dangerous weapon in the commission of *the offense the penalty is increased* to a fine not less than $1,000 nor more than $10,000 or imprisonment of not more than 25 years or both." H.R.Rep.No.1461, 73rd Cong. 2d Sess., 1 (1934). [Emphasis added.]

The Committee then quoted the statement of the Attorney General regarding the proposed legislation, in which he primarily explained its purpose of aiding, rather than displacing, state enforcement efforts against organized gangsters who operate from state to state. In describing the substantive provisions he said:

> "The bill provides punishment for those who rob, burglarize, or steal from such institutions, or attempt so

to do. A *heavier penalty* is imposed, if in an attempt to commit *any such offense* any person is assaulted, or his life is put in jeopardy by use of a dangerous weapon. A maximum penalty is imposed on anyone who commits a homicide or kidnaping in the course of *such unlawful act.*" *Id.* at 2. [Emphasis added.]

It seems evident then that Congress intended to create one offense—bank robbery—which was to receive one punishment, its severity determined by the nature of the accompanying aggravating circumstances. This much the Supreme Court recognized in *Holiday* and *Green, supra.* But if Congress intended that aggravating incidents affect only the sentence, it necessarily follows that Congress did not intend that the existence of such incidents would double the convictions.

Whatever doubts do exist, arising either from the failure of the legislature to address specifically the conviction issue or from the wording of the statute, must be resolved in favor of the more lenient reading. Admittedly, Congress could have written more clearly, as we know from other federal statutes which prescribe higher penalties for the single crime defined in the same provision "if death results" or "if personal injury results". 18 U.S.C. §§ 241, 242, 245(b), 844(d), (f), (i), 1992. But on the other hand Congress did not, as it has been urged to do, establish two separate offenses, robbery and aggravated assault, defining separate penalties for each and making the latter subject to federal prosecution when "committed in the course of committing" a bank robbery. Proposed Federal Criminal Code, §§ 201 (b), 1721, and 1612, Final Report of the National Commission on Reform of Fed-

---

3. Although the Fifth Circuit in *Prince* claimed that this holding was the unanimous holding of all other courts, examination of all of the cases cited for that proposition, as well as all subsequent cases on point, reveal that all the other courts were considering, as was the Supreme Court in *Green*, the propriety of two *sentences*. We have found no other

cases directly deciding the present point. *But see* Matlock v. United States, 309 F.Supp. 398 (W.D.Tenn.1970); United States v. Harvey, 439 F.2d 142 (3rd Cir. 1971); Naples v. United States, 120 U.S. App.D.C. 123, 344 F.2d 508, 516–517 (1964); United States v. Lawrenson, 298 F.2d 880 (4th Cir. 1962). *See also* Annot., 59 A.L.R.2d 946 (1957).

eral Criminal Laws, (1971); Note, Piggyback Jurisdiction in the Proposed Federal Criminal Code, 81 Yale L.J. 1209 (1972). Since Congress did not adopt either unambiguous option, we cannot read the statute as incorporating the harsher approach.

■■ Our interpretation is also bolstered by the double jeopardy problems raised by the imposition of two convictions for one offense. Although usually thought of primarily as a protection against reprosecution after acquittal, it is clear that the clause applies as well to reprosecution after conviction. United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); Abbate v. United States, 359 U.S. 187, 199 n. 3, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) (opinion of Brennan, J.); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. Note, Twice in Jeopardy, 75 Yale L.J. 262, 278 (1965). For the purpose of the ban on double jeopardy is to prevent "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). It would seem apparent that if the state cannot constitutionally obtain two convictions for the same act at two separate trials, it cannot do so at the same trial. Although admittedly there is less expense, anxiety and ordeal when the blows are delivered at once, one can hardly say that one is not punished, hurt, or embarrassed, if one receives two convictions. The collateral effects of a conviction, independent of the sentence, are many and varied. See Note, Collateral Consequences of a Criminal Conviction, 23 Vand.L.Rev. 929 (1970); Note, Civil Disabilities of Felons, 53 Va.L.Rev. 403 (1967); Sibron v. New York, 392 U.S. 40, 53–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The government, although acknowledging the adverse effects of a conviction, argues that there are generally no additional consequences arising from conviction on a second count in the same indictment. But in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the case holding the double jeopardy clause applicable to the states, the Supreme Court noted, in discussing the danger of the concurrent sentence rule of appellate review, that some states count as prior felonies for purposes of habitual offender statutes, convictions on several counts of an indictment tried the same day. Id. at 790. See Annot., 24 A.L.R.2d 1247, 1262–1267 (1952) and Later Case Service, 19–24 A.L.R.2d 918 (1970). Nor are all harmful consequences eradicated by the vacation, as here, of the second sentence. For several states permit the use, for purposes of impeaching the credibility of a witness, of a verdict of guilty upon which no judgment has been entered or sentence passed. State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965); 98 C.J.S. Witnesses § 507 (1957); Annot., 14 A.L.R. 3d 1272 (1967). Moreover, even if no other disabilities were incurred, there is always the extra stigma imposed upon one's reputation.

■■ The government suggests one justification for the practice of convicting on both counts. It argues that having both convictions is helpful because if the aggravated offense were to be reversed on appeal for reasons relevant only to the aggravating element, then at least the other conviction will stand.[4] But this argument ignores the fact that the double jeopardy clause does not bar reprosecution after reversal on appeal,

4. The government reminds us that in McMillen, supra, we ourselves noted that advantage in multiple sentences under multiple counts, citing the miscarriage of justice that occurred in Pugliese, supra, 386 F.2d at 37. But we vacated the second sentence in McMillen, as improper under Prince. Moreover, we there assumed the very point here at issue, i. e., the validity of the convictions under both counts. Similarly, Pugliese assumed the validity of the multiple convictions on several counts for illegal operation of a still.

**1204**

*Ball, supra,* and *Pearce, supra.* Moreover, in most cases, error, if any, will involve both counts; this will almost always be so when, as here, the defendant pleads guilty, the major attack on a guilty plea being based on involuntariness, which if established, would infect both pleas. Finally, although it may be more efficient to use two counts rather than retry the whole offense if a reversal as to the aggravating element alone occurs, it is a fundamental principle of constitutional law requiring no citation that administrative convenience cannot justify infringement of constitutional rights. Given the apparent constitutional defect of a reading of the statute that would permit two convictions for the same offense of bank robbery,[5] we feel constrained to interpret the statute, in the way also suggested by the legislative record and the rule of lenity, to permit only one conviction for aggravated bank robbery.

█ We should make clear what our holding does not do. It does not prevent the filing of a two-count indictment, nor a trial under such an indictment, although as the Fifth Circuit practice suggests, a one-count indictment is adequate

for purposes of clarity and notice to the defendant, *see Prince,* 230 F.2d at 569. But when such a two-count case is to be submitted, the trial judge should instruct the jury that it must first consider the more serious count and, if it finds all of the elements proven, convict for that offense. This would be its sole verdict, no response being necessary as to the less serious count. If, however, it finds the element necessary to prove the aggravated offense insufficiently proven, but all those necessary for the less inclusive offense proven, it should convict on the less serious count, and acquit on the other count. If the jury finds unproven an element necessary for even the lesser crime, it should acquit on both counts. The Court should, of course, instruct the jury similarly as to the lesser included offense of simple bank robbery if the indictment contains only a single count charging aggravated bank robbery under § 2113(d).

Since we find that the Bank Robbery Act permits only one conviction for a single bank robbery, whether aggravated or not, and find no merit with the appellant's other claims,[6] we affirm the judgment below insofar as it vacates the

---

5. In *Holiday, supra,* the Court said in dictum that:

 "The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy." 313 U.S. at 349, 61 S.Ct. at 1017.

 Given the brevity and lack of citation for this statement and the strong precedent both before, Ex parte Lange, 18 Wall. (85 U.S.) 163, 21 L.Ed. 872 (1873), and since, Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), North Carolina v. Pearce, 395 U.S. 711, 717–719, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that statement cannot be read as approving multiple punishment (or conviction) for one crime under the double jeopardy clause. At most, we read it to mean that a sentence "erroneous" under the statute cannot rise to a constitutional complaint, at least for purposes of collateral attack. It is in part because of the double jeopardy implications, were the two sentences lawful under the statute, that we find the practice unlawful.

6. The appellant apparently claims that since he was first convicted of the lesser included offense of bank robbery, it is his conviction under the second count for the greater offense of aggravated bank robbery which is barred by the double jeopardy clause. If these convictions were imposed at different times, his claim would probably succeed. But since both pleas were accepted at the same time and the defendant was obviously admitting the aggravated offense, his claim is clearly without merit. Moreover, he seems to argue, in the alternative, that if his conviction for the aggravated offense stands then he can only be sentenced to 5 years, that is the difference between the 25-year maximum provided by subsection (d) and the 20-year maximum provided by subsection (a). Although there might be some substance to this rather ingenious argument, if we were to find two separate crimes, bank robbery and aggravated assault, we must reject this argument, since we construe the statute as defining only one offense and it is clear that Congress intended the 25-year maximum to apply when the aggravated offense is committed.

sentence under Count I and retains the conviction and sentence under Count II, but reverse the judgment and remand for entry of an order vacating his conviction under Count I of the indictment.

Affirmed in part, reversed in part and remanded.