**Patrick Vincent BUTLER**

v.

**UNITED STATES of America.**

**Civ. A. No. 74–6.**

United States District Court,
D. Rhode Island.

Jan. 15, 1975.

George F. McDonald, Jr., Cranston, R. I., for plaintiff.

Constance L. Messore, Asst. U. S. Atty., Providence, R. I., for defendant.

## OPINION AND ORDER

PETTINE, Chief Judge.

Patrick Vincent Butler brings this action pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence for a 1968 bank robbery under subsections (a) and (d) of 18 U.S.C. § 2113 which resulted in the imposition by this Court of three concurrent terms of twenty years each. The prisoner is presently incarcerated and in federal custody pursuant to those sentences and therefore has properly instituted the instant proceeding. 28 U.S.C. § 2255. *See* Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

Before considering the claims presented herein, it may be appropriate to review the earlier proceedings which resulted in the petitioner's present confinement. On January 29, 1968, a federally-insured bank located in Rhode Island was robbed by two armed men, one of whom remained in a getaway car. Within one month, a federal grand jury for the District of Rhode Island returned a "John Doe" indictment. On September 27, 1968, the indictment was amended to identify Patrick Vincent Butler as one of the "John Does" and charged him with three counts of bank robbery. As more fully appears in the margin, Count I of indictment number 7507 closely tracked the language of the second paragraph of 18 U.S.C. §

2113(a); the language in Count II followed that of the first paragraph of 18 U.S.C. § 2113(a); and Count III charged the offense outlined by subsection (d) of 18 U.S.C. § 2113.[1]

Petitioner was arraigned on the indictment on July 17, 1969 and brought to trial in September, 1969. In the interim his trial counsel advanced several grounds in support of motions to suppress identification testimony and to dismiss the indictment. These same issues were raised on appeal, United States v. Butler, 426 F.2d 1275 (1st Cir. 1970), and petitioner's speedy trial claim was also the subject of a remand and further appeal, 434 F.2d 243 (1st Cir. 1970), cert. denied, 401 U.S. 978, 91 S. Ct. 1207, 28 L.Ed.2d 328. At the trial, this Court instructed the jury that it should consider each count of the indictment separately and that it could return a verdict of guilty on each count. (Transcript pp. 664–675). The jury returned a guilty verdict on each count, and the Court sentenced the petitioner as described above.

---

1. The pertinent sections of 18 U.S.C. § 2113 provide:

§ 2113. *Bank robbery and incidental crimes*

(a) [¶ 1] Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

[¶ 2] Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

    *      *      *      *      *

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

Indictment number 7507 of 1968 charged as follows:

*Count I*

"That on or about the 29th day of January, 1968, at North Providence, in the District of Rhode Island, Patrick Vincent Butler, alias John Doe, did enter the Fruit Hill Branch of Citizens Savings Bank and Citizens Trust Company, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation, with intent to commit in such bank a felony affecting such bank, that is, the taking by force and violence and by intimidation and from the presence of employees of such bank, money belonging to and in the care, custody, and control, management and possession of said bank; in violation of Title 18, United States Code, Section 2113(a)."

*Count II*

"That on or about the 29th day of January, 1968, at North Providence, in the District of Rhode Island, Patrick Vincent Butler, alias John Doe, by force and violence and by intimidation did take from the persons and presence of Archille G. Vervena, Patricia Viner and Rosemary Whyte, the sum of $8,385.00, in money, belonging to and in the care, custody, control and management and possession of Citizens Savings Bank and Citizens Trust Company, Fruit Hill Branch, the deposits of which were then and there insured by Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a)."

*Count III*

"That on or about the 29th day of January, 1968, at North Providence, in the District of Rhode Island, Patrick Vincent Butler, alias John Doe, by force and violence and by intimidation, did take from the persons and presence of Archille G. Vervena, Patricia Viner and Rosemary Whyte, the sum of $8,385.00, belonging to and in the care, custody, control, management and possession of Citizens Savings Bank and Citizens Trust Company, Fruit Hill Branch, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation, and said Patrick Vincent Butler, alias John Doe, in committing the aforesaid acts, did assault said Archille G. Vervena, Patricia Viner and Rosemary Whyte, by the use of a dangerous weapon, that is, a pistol; in violation of Title 18, United States Code, Section 2113(d)."

Petitioner now presses three separate claims, never before raised, in support of the instant action. First, he claims that the arrest warrant was "defective in that it failed to meet the requirements of Rule 4(b) Federal Rules of Criminal Procedure." The factual basis for such an assertion completely eludes the Court, and, needless to say, the petitioner has failed to establish that there was such a defect (the warrant having been amended to identify him by name), that the asserted defect was "an error of the character or magnitude cognizable under a writ of habeas corpus," Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), or to provide any excuse for his failure to raise the issue at trial or on appeal. *Cf.* Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

Second, the petitioner claims that the indictment was defective in that Counts I and II, which he claims described but a single crime, could not be charged in the same indictment without twice placing the petitioner in jeopardy. Petitioner further claims the invalid double charge inflamed and prejudiced the jury against him. Although he does not challenge the conviction and sentence under Count III (charging a violation of 18 U. S.C. § 2113(d)), petitioner asserts that he could neither be charged nor convicted of both Counts I and II of the indictment. In support of his argument he cites, *inter alia,* O'Clair v. United States, 470 F.2d 1199 (1st Cir. 1972), cert. denied, 412 U.S. 921, 93 S.Ct. 2741, 37 L. Ed.2d 148.

A careful reading of the First Circuit opinion in *O'Clair* reveals that petitioner at once argues for too little and for too much. The petitioner in *O'Clair* brought an action under 28 U.S.C. § 2255 to challenge his convictions and sentences under a two-count indictment which charged violations of 18 U.S.C. § 2113(a) and (d). The petitioner had pleaded guilty to both counts and was sentenced to two concurrent terms of 15 years each. Following Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the district court set aside the sentence under Count I (§ 2113(a)), but let both convictions and the sentence for the § 2113(d) violation stand.

After a careful analysis of a long line of Supreme Court interpretations of the Bank Robbery Act (18 U.S.C. § 2113), the First Circuit concluded that subsection (a) of § 2113 described a lesser included offense of subsection (d) for which only one conviction could stand. The First Circuit observed that the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), had similarly concluded that the "bank entry" provision of § 2113(a) [par. 2] merged into the completed robbery provision of that subsection [par. 1]. The First Circuit agreed with the Fifth Circuit, also writing in Prince v. United States, that:

"[W]hen one is charged with committing or attempting to commit an offense defined in (a) or (b), and also the aggravating acts defined in (d) in conjunction therewith, *only one conviction will stand.*"

Prince v. United States, 230 F.2d 568, 571 (5th Cir. 1956), rev'd, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), quoted in *O'Clair, supra,* 470 F.2d at 1202 (emphasis supplied in *O'Clair*).

The First Circuit reasoned that principles of statutory construction and the Double Jeopardy Clause required that the petitioner's conviction under Count I (§ 2113(a)), as well as the concurrent sentence, be vacated, thus leaving only the conviction and sentence for § 2113(d), the greater inclusive offense.

The Court was at great pains to point out that its holding

"does not prevent the filing of a two-count indictment [charging violations of both § 2113(a) and (d)], nor a trial under such an indictment . . . . But when such a two-count case is to be submitted, the trial judge should instruct the jury that it must

first consider the more serious count and, if it finds all of the elements proven, convict for that offense. This would be its sole verdict, no response being necessary as to the less serious count. . . . The Court should, of course, instruct the jury similarly as to the lesser included offense of simple bank robbery if the indictment contains only a single count charging aggravated bank robbery under § 2113(d)."

*Id.* 470 F.2d at 1204.

█ Applying the teachings of *O'Clair* and *Prince* to the case at bar, the Court makes the following conclusions of law. First, indictment 7505 properly charged three counts of bank robbery, under 18 U.S.C. § 2113, Count I representing a lesser included offense of Counts II and III, and Count II representing a lesser included offense of Count III. Second, the petitioner was properly tried under the three-count indictment. Third, the Court erred in instructing the jury that it should consider each count separately and not *seriatim*, as prescribed in *O'Clair*. This error does not, however, require a new trial nor undermine the jury's verdict as to the most serious offense. *See Prince, supra; O'Clair, supra. See also* United States v. White, 440 F.2d 978, 982 (5th Cir. 1971), cert. denied 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72. Fourth, petitioner's multiple convictions and sentences for but one offense of armed bank robbery constitute plain error of constitutional proportions. *O'Clair, supra. See also* Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); United States v. Leyba, 504 F.2d 441 (10th Cir. 1974); United States v. Faleafine, 492 F.2d 18 (9th

Cir. 1974); Sullivan v. United States, 485 F.2d 1352 (5th Cir. 1973); United States v. White, *supra,* 440 F.2d at 981; Holland v. United States, 384 F.2d 370 (5th Cir. 1967) (each holding multiple *sentences* under various § 2113 subsections are illegal). The convictions and sentences under Counts I and II, the lesser included offenses, must be and are hereby vacated.

█ Although clearly not mandated by the First Circuit's decision in *O'Clair, compare supra* 470 F.2d at 1205, the Court also believes it proper in this case to vacate petitioner's sentence under Count III and order that petitioner be resentenced *nunc pro tunc.* This Court is troubled by the fact that at the time sentence was originally imposed, the Court erroneously believed that the petitioner stood before it guilty of three separate and each independently serious offenses. The Court cannot categorically state that this serious misperception did not influence its sentence determination. Therefore, out of an abundance of caution, the Court hereby vacates petitioner's sentence under Count III of indictment 7507 and orders that petitioner be brought before the Court for resentencing, at which time it will entertain updated pre-sentence reports from the government and the petitioner. *See* United States v. Jasper, 481 F.2d 976 (3d Cir. 1973); United States v. Corson, 449 F.2d 544, 551–552, n. 16 (3d Cir. 1971); Bryant v. United States, 135 U.S.App.D.C. 138, 417 F.2d 555, 558 (1969), cert. denied, 402 U.S. 932, 91 S.Ct. 1534, 28 L.Ed.2d 866.

Petitioner lastly claims that newly discovered evidence mandates the order of a new trial.[2] Petitioner has filed the affidavits of two federal prisoners, B. J.

2. It may be argued that an otherwise valid conviction and sentence are not open to collateral attack under 28 U.S.C. § 2255 on the basis of newly discovered evidence, absent allegations of prosecutorial withholding of same, and that a criminal defendant's only judicial remedy is a Fed.R.Crim.P. 33 motion for new trial, with its two-year time limitation. *See* Everitt v. United States, 353 F.2d 532 (5th Cir. 1965); Rubenstein v. Unit-

ed States, 227 F.2d 638 (9th Cir. 1955), cert. denied, 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 858. *But see* Tropiano v. United States, 323 F.Supp. 964 (D.Conn.1971). *See generally* Houser v. United States, 508 F.2d 509 (8th Cir. 1974). This issue need not be resolved here. Even assuming, arguendo, that a motion for a new trial on ground of newly discovered evidence can only be considered under Rule 33, the two-year limita-

Harrelson and F. J. Higgins, in which they profess to be the two individuals responsible for the 1968 bank robbery of which petitioner stands convicted.[3]

"[B]efore a sentence may be vacated and a new trial granted on the ground of newly discovered evidence, the following criteria must be satisfied: '(a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.' United States v. On Lee, 201 F.2d 722, 723 (2 Cir.), cert. denied, 345 U.S. 936, [73 S.Ct. 798, 97 L.Ed. 1364] (1953). See also United States v. Bradwell, 295 F.Supp. 958, 959–960 (D.Conn.1968), aff'd, 388 F.2d 619 (2 Cir.), cert. denied, 393 U.S. 867, [89 S.Ct. 152, 21 L.Ed.2d 135] (1968);

tion for bringing such a motion would not constitute a bar to the petitioner herein, since I have concluded that he is entitled to be resentenced *nunc pro tunc* on other grounds clearly cognizable under § 2255. Thus, the petitioner's two years within which to bring this motion would not begin to run until the date of his resentence. Fed.R.Crim.P. 33. *Cf.* Rodriguez v. United States, 395 U.S. 327, 332, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Dillane v. United States, 121 U.S.App.D.C. 354, 350 F.2d 732 (1965); De La Hoz Vicente v. United States District Court, 371 F.Supp. 1109 (D.P.R. 1973).

Under the foregoing analysis, the process would be as follows: 1) sentences vacated under § 2255; 2) petitioner is resentenced *nunc pro tunc*; 3) petitioner files Rule 33 motion for new trial on ground of newly discovered evidence; 4) Court orders hearing on motion for new trial.

It can readily be seen that if the Court were to conclude that the petitioner was entitled to a new trial, the earlier resentence (2) would be rendered meaningless. The Court therefore concludes that in order to avoid unnecessary fragmentation of these proceedings, the better procedure would be to defer resentencing the petitioner, if such is still necessary, until after the Court rules on the motion for a new trial.

3. The affidavit of Francis J. Higgins, sworn to on February 22, 1974, states:

"STATE OF GEORGIA ⎱
COUNTY OF FULTON ⎰ S.S.

"I, Francis J. Higgins being duly sworn, deposes and says:

"1. That on or about January 29, 1968, I did enter the Fruit Hill Branch of the Citizens Savings Bank and Citizens Trust Company in North Providence, Rhode Island and did, by armed intimidation, take monies in excess of $8,000, from the employees of said bank.

"2. That I have recently learned another man was falsely arrested, tried and convicted of this crime.

"3. That the herein statement is true and made in good faith and in the interest of justice.

"4. That I, Francis J. Higgins, am prepared to enter a plea of guilty to this charge, accept full responsibility for the injustice done to Patrick Vincent Butler, and at the hearing in this matter, stand ready to testify for either the defense or the prosecution to ensure this noble end.
s/Francis J. Higgins"
The affidavit of Bobby Joe Harrelson, affirmed on February 23, 1974, states:

"STATE OF GEORGIA ⎱
COUNTY OF FULTON ⎰ S.S.

"I, Bobby Joe Harrelson being duly sworn before the undersigned employee of the U.S. Penitentiary, Atlanta, Georgia, hereby deposes and says:

"a) That while on a foray of robbery and while armed, did on or about January 29, 1968, and in the company of one Francis J. Higgins, did assault a banking establishment lawfully registered and entitled, Fruit Hill Branch of the Citizens Savings Bank and Citizens Trust Company located in North Providence, Rhode Island and did take from same a sum of money in excess of $8,000, in inflated U.S. Currency.

"b) That while incarcerated in this institution, I have learned that another man was falsely accused, tried and illegally convicted of this robbery, said victim being Patrick Vincent Butler.

"c) That in the interest of justice, I hereby make myself available to rectify this injustice and I am prepared to stand trial and also should my co-defendant find himself reluctant to do so, my services as a government witness is [sic] now advanced in the interest of justice.
s/Bobby Joe Harrelson"

United States v. Capaldo, 276 F.Supp. 986, 987 (D.Conn.1967), aff'd, 402 F. 2d 821 (2 Cir. 1968), cert. denied, 394 U.S. 989, [89 S.Ct. 1476, 22 L.Ed.2d 764] (1969)."

Tropiano v. United States, 323 F. Supp. 964, 966 (D.Conn.1971). *Cf.* United States v. Zannino, 468 F.2d 1299 (1st Cir. 1972), cert. denied, 410 U.S. 954, 93 S.Ct. 1419, 35 L.Ed.2d 687.

 The evidence relied on by the petitioner, if credible, would absolve him of any connection with the 1968 bank robbery. It is clear that a hearing must be held in order to ascertain the credibility of the two affiants. The Court will therefore order that Bobby Joe Harrelson and Francis J. Higgins, both incarcerated in federal prison in Atlanta, Georgia, be transferred to the District of Rhode Island to testify at the hearing. The Court recognizes that the affiants may, by their testimony, further expose themselves to criminal prosecution in this matter, and will therefore appoint counsel for each man, upon his transfer to this District and upon execution of an affidavit of indigency. A hearing on petitioner's motion for new trial will be held within three weeks of appointment of counsel for the affiants.

It is therefore ordered:

1. The convictions and sentences of petitioner Patrick Vincent Butler under Counts I and II of indictment 7507 of 1968 are hereby vacated;

2. The sentence under Count III of indictment 7507 of 1968 is hereby vacated and the petitioner is ordered to be presented for resentencing at a date to be fixed by the Court after a ruling on petitioner's motion for new trial, if said resentencing is still required;

3. Federal inmates Francis J. Higgins and Bobby Joe Harrelson, both presently incarcerated at the federal prison facility located in Atlanta, Georgia, are to be produced forthwith in U. S. District Court, District of Rhode Island, to testify at a hearing on petitioner's motion for a new trial. Upon their arrival in the District of Rhode Island and execution of affidavits of indigency, counsel shall be appointed to represent each of said inmates at any further proceeding in this Court.

4. A hearing shall be held on petitioner's motion for a new trial within three weeks of the appointment of counsel to represent B. J. Harrelson and F. J. Higgins.