21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reyes INZUNZA, Defendant-Appellant.
 No. 93-10293.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reyes Inzunza appeals his convictions following jury trial for two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Inzunza contends the district court abused its discretion by not severing the counts. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Factual Background
 
 
 4
 On June 12, 1992, Inzunza entered the First Federal Credit Union pointed a gun at teller Meryl Hopper, ordered manager Ofelia Soto to hang up the telephone, and closed the front and storage doors. Inzunza ordered Hopper to fill his duffle bag with money from the counter. Inzunza ordered Soto to give him the money from the vault and Soto placed banded bills and a blue Valley National Bank bag filled with rolls of quarters into Inzunza's duffle bag. Inzunza then left.
 
 
 5
 Inzunza's fingerprints were found on the counter and the front and storage doors. The police created a composite drawing of the robber based on Soto's and Hopper's descriptions. The day after the robbery, Inzunza and a friend purchased an automobile for $4,144.93, with cash wrapped in bands and carried in a Valley National Bank bag.
 
 
 6
 On July 30, 1992, Soto recognized Inzunza in the hallway to the credit union as he loaded a gun. Soto activated the alarm and tried to close the front door. Inzunza entered and ordered Soto to fill a plastic sack with money, stating "This time give me all your money and please, no coin." Nabor Rodriguez, who heard the report on his police scanner, saw Inzunza leave the credit union and recorded his license plate number. Shortly thereafter, the police arrested Inzunza at his mother's house and Soto and Rodriguez identified him. The police found $9,000.00, including five bait bills, in Inzunza's sister's house.
 
 II
 Severance
 
 7
 We review for abuse of discretion the denial of a motion to sever counts under Fed.R.Crim.P. 14. United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987).
 
 
 8
 A defendant seeking reversal must establish manifest prejudice from the joint trial. Id. In evaluating the prejudice, we consider whether the evidence was easily compartmentalized, whether the district court gave proper cautionary instructions, and whether the nature or weight of the evidence supporting the counts was wholly disproportionate. Id. at 1071. We have recognized that the jury may have difficulty compartmentalizing evidence of multiple counts against a single defendant, especially when the counts are similar. Id. Nonetheless, if the evidence supporting one count would be admissible in the trial of the other count, joinder is not prejudicial. Id. at 1070.
 
 
 9
 Inzunza argues he was prejudiced by joinder because the evidence of the June robbery was weak and the jury would not have found him guilty of that robbery if it had been tried separately. He contends the jury convicted him of the June robbery by using the strong evidence supporting the July robbery to infer a criminal disposition. We disagree. When considered separately, the evidence supporting the June robbery was sufficient to convict Inzunza. At trial, two credit union employees identified Inzunza as the robber; Inzunza's fingerprints were found in areas of the credit union that were not open to the public; and the day after the robbery, Inzunza purchased a car with cash taken from a bank bag. See, e.g., United States v. King, 433 F.2d 937, 939 (9th Cir.1970) (eyewitness identification and evidence of defendant's fingerprints sufficient to convict of armed bank robbery), cert. denied, 402 U.S. 976 (1971). The weight of evidence supporting the July robbery was not wholly disproportionate to that supporting the June robbery. See United States v. O'Neal, 834 F.2d 862, 864 (9th Cir.1987) (rejecting claim that weight of evidence in one count would lead jury to convict on remaining counts). Moreover, although the two counts were similar, the jury could easily compartmentalize the evidence given the simple facts and straightforward presentation during the three-day trial. See Johnson, 820 F.2d at 1071 (simple issues, straightforward presentation, and short trial reduced danger of prejudice from joinder of two bank robbery counts). In addition, the court instructed the jury to consider each count separately. See id.
 
 
 10
 Finally, even if the counts had been severed, evidence of one robbery would have been admissible in the trial of the other to establish identity or common plan under Fed.R.Evid. 404(b). Identity was a primary issue at trial; the second robbery occurred six weeks after the first; the evidence was sufficient to establish that Inzunza committed both robberies; and the prejudice did not outweigh the probative value. See id. at 1070-71 (refusal to sever two bank robbery counts was not an abuse of discretion because evidence of one count would have been admissible to provide identity in the other); accord United States v. Quinn, Nos. 92-10452, 92-10509, slip op. 2665, at 2675-77 (9th Cir. Mar. 17, 1994). Accordingly, Inzunza has not established that the joinder was prejudicial.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The motion of appellant's counsel, Federal Public Defenders, to be relieved as counsel of record is granted. Clay Hernandez, Esq., will be appointed as counsel of record, nunc pro tunc September 8, 1993, by separate order