## No. 14,328.

### LAMBERT *v.* THE PEOPLE.
(80 P. [2d] 443)

Decided May 23, 1938.   Rehearing denied June 20, 1938.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. REID WILLIAMS, Assistant, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was charged in the first count of an information with statutory rape committed on a girl eleven years of age, and in the second count with taking indecent liberties with the same girl on the same day. To the second count he entered a plea of guilty and on the first he was tried and returned guilty by a jury. On his plea he was sentenced to a term of nine to ten years in the penitentiary, and on the verdict to a term of from twenty to twenty-five years. These sentences were pronounced at the same time and to run concurrently. To review the judgment in the rape case he prosecutes this writ and asks that it be made a supersedeas. All his assignments go to his plea of former jeopardy which was overruled by the court.

The district attorney moved that the evidence in the rape case be considered by the court as the evidence to guide it in fixing the punishment in the other. That motion was granted with defendant's consent. That this evidence might have established both offenses requires no argument, and since it is not before us we must so assume under the rule that all presumptions are in favor of the judgment. *Jones v. People,* 93 Colo. 282, 26 P. (2d) 103. Moreover, since these sentences were imposed at the same time and run concurrently, defendant is not injured unless it be assumed that by his plea to the second count, at a time when court and counsel could not know what the evidence would develop, he had a right to thus trick them into a position forestalling prosecution for a serious offense by a plea of guilty to one of lesser grade, and that he did so. Courts could scarcely countenance that kind of juggling and the law is against it. *Scavarda v. People,* 57 Colo. 541, 143 Pac. 575; *Clarke v. People,* 53 Colo. 214, 125 Pac. 113; *Cook v. People,* 56 Colo. 477, 138 Pac. 756.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE KNOUS concur.