**UNITED STATES**

v.

**SCARLATA et al.**

**Appeal of DI PIPPA.**

**Nos. 11,212 and 11,213.**

United States Court of Appeals Third Circuit.

Submitted March 15, 1954.

Decided July 19, 1954.

Rocco Di Pippa pro se.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and MARIS and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal by a federal prisoner from the district court's denial of a motion to vacate his sentences. 28 U.S.C. § 2255 (1952).

We are met at the outset by an oblique assertion in the government's brief that the appeal was not filed in time. Since this goes to our appellate jurisdiction, George v. Victor Talking Machine Co., 1934, 293 U.S. 377, 55 S.Ct. 229, 79 L.Ed. 439; Mondakota Gas Co. v. Montana-Dakota Utilities Co., 9 Cir., 194 F.2d 705, certiorari denied, 1952, 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 643, we must meet it first. It need not detain us long. The record shows that the Section 2255 motion was denied on October 19, 1953, and that the notice of appeal was filed on November 20, 1953. Thus, thirty-two days elapsed between final judgment and notice of appeal. Even so, the appeal was nevertheless timely because, the United States being a party to the proceeding, appellant had sixty days within which to perfect his appeal.[1] See Mercado v. United States, 1 Cir., 1950, 183 F.2d 486.

Appellant's argument on the merits raises but one question: Is a plea of guilty in a state court, without more, a "judgment of conviction" within 18 U.S.C. § 659 (1952), thus barring a later federal prosecution for the same acts? That question arises in the follow-

---

[1] Section 2255 appeals are governed by the rules relating to habeas corpus appeals. 28 U.S.C. § 2255 (1952); United States v. Hayman, 1952, 342 U.S. 205, 209, note 4, 72 S.Ct. 263, 96 L.Ed. 232. Rule 81(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C. makes those rules applicable to habeas corpus appeals. Rule 73(a) sets a thirty-day limit for taking an appeal, " * * * except that in any action in which the United States or an officer or agency thereof is a party the time as to all parties shall be 60 days * * *." The Judicial Code contains a like provision. "In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days * * *." 28 U.S.C. § 2107 (1952).

ing manner. In late 1950 in the state court, appellant was charged in a two-count indictment with burglary and receiving stolen goods. In early 1951 two separate federal indictments were returned charging appellant with the theft of goods from an interstate shipment and with the receipt and possession of goods stolen from an interstate shipment, knowing them to have been so stolen.[2] The federal indictments were based on the same acts as was the state indictment. Having first pleaded not guilty in federal court, on May 16, 1951, appellant changed his plea to guilty. On June 18 he pleaded guilty in the state court. Finally, on July 2 he was adjudged guilty and sentenced by the federal court to nine years' imprisonment on each of the two indictments, the sentences to run concurrently. He is here contending that his plea of guilty to the state indictment barred his later conviction in federal court. He relies on the following provision of 18 U.S.C. § 659 (1952): "A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts."

The district court was not impressed by this argument and, neither are we. The statute says a "judgment of conviction" shall be a bar. It may well be that a plea of guilty is a conviction in the same sense in which a jury verdict is a conviction. See Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; United States v. Fox, 3 Cir., 130 F.2d 56, 58, certiorari denied, 1942, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535. But a plea of guilty is not a *judgment* of conviction. Indeed, the very word "judgment" indicates action by the court. A judgment of conviction by the court must follow a plea of guilty just as a judgment of conviction must follow a jury verdict of guilty. A defendant can plead guilty and a jury can render a verdict of guilty, but only the

court can adjudge one guilty. In short, something more than a plea of guilty—some action by the court—is necessary before there can be a judgment of conviction. There was no such action by the state court prior to the federal conviction and sentence and, therefore, there was no bar to the federal prosecution.

■ There is double jeopardy language in appellant's brief. If, by that language, it is intended to raise a constitutional argument, no more need be said than that it is absolutely without merit.

■■ One more matter requires attention, although it was not raised by appellant. He was convicted and sentenced for violations of 18 U.S.C. § 659 (1952). That section provides that whoever violates any of its proscriptions:

"Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

Indictment No. 13296, charging a theft of goods from an interstate shipment, alleges that the value of the goods stolen was $38,768.80. The nine-year sentence on that indictment was, therefore, within the statutory authorization. Indictment No. 13295, however, charging receipt and possession of goods stolen from an interstate shipment, does not specify the value of the goods, nor does it appear anywhere in that record that the goods received were those that had been stolen. Thus, without any showing that the value of the stolen goods received was over $100, appellant was sentenced to nine years' imprisonment. This was eight years too long and is subject to correction on a Section 2255 motion as a " * * * sentence * * in excess of the maximum authorized by law * * *." A felony is an offense

---

2. The facts as to the federal crimes are fully set out in United States v. Marpes, 3 Cir., 198 F.2d 186, certiorari denied, 1952, 344 U.S. 876, 73 S.Ct. 170, 97 L. Ed. 678.

810

punishable by death or imprisonment for a term exceeding one year, and a misdemeanor is an offense, punishment for which does not exceed imprisonment for one year. 18 U.S.C. § 1 (1952). Consequently, even though correction of the illegal sentence will not shorten appellant's confinement since he must serve nine years on the valid sentence, the matter is of importance because he pleaded guilty to a misdemeanor but was sentenced for a felony. See United States v. Nickerson, 7 Cir., 1954, 211 F.2d 909. This illegal sentence, making a felony of a misdemeanor, might well be prejudicial to appellant. See United States v. Morgan, 1954, 346 U.S. 502, 512–513, 74 S.Ct. 247; Fiswick v. United States, 1946, 329 U.S. 211, 220–223, 67 S.Ct. 224, 91 L.Ed. 196.

For the reasons stated the judgment of the district court as to the sentence imposed on indictment No. 13296 will be affirmed; the judgment of the district court as to indictment No. 13295 will be reversed and the cause remanded with directions to correct the sentence imposed thereon.