**UNITED STATES of America,
Petitioner,**

v.

**The Honorable William P. GRAY, United States District Judge, Respondent.**

**Nos. 26639, 26641, 26644, 26645.**

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1971.

On Rehearing and Suggestion for Rehearing in Banc Aug. 30, 1971.

---

No. 26639

David R. Nissen, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., John F. Walter, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

T. Roger Duncan, Los Angeles, Cal. (argued), for real party in interest, for appellee.

No. 26641

David R. Nissen, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Larry S. Flax, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Theodore E. Orliss, Los Angeles, Cal. (argued), for real party in interest, for appellee.

No. 26644

David R. Nissen, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Elgin C. Edwards, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Carl E. Stewart, Los Angeles, Cal. (argued), for real party in interest, for appellee.

No. 26645

David R. Nissen, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Robert P. Scheinblum, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

T. Roger Duncan, Los Angeles, Cal. (argued), for real party in interest, for appellee.

Before MERRILL, DUNIWAY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge.

These cases have been consolidated for argument and decision. In each case, the respondent, over the objection of the petitioner, accepted a plea of guilty to what he believed was a lesser offense necessarily included in the offense charged in the indictment. The petitioner now demands that we issue a writ of *mandamus* directed to the respondent, requiring him to set aside the guilty pleas and allow each case to proceed to trial.

## FACTUAL BACKGROUND

In Case No. 26,639, defendant Faust was charged by indictment with the offense of possession of stolen mail in violation of 18 U.S.C. § 1708, a felony. In a conference for setting a trial date, defendant's attorney indicated that defendant wished to enter a plea of guilty to the offense of willfully obstructing the mails in violation of 18 U.S.C. § 1701, a misdemeanor. Respondent, over objection by the petitioner, accepted a plea of guilty to the misdemeanor.

In Case No. 26,641, the defendant Ortiz was indicted for the offense of knowingly and willfully stealing and purloining property of the United States having a value in excess of $100.00, in violation of 18 U.S.C. § 641, a felony. Respondent, over the objection of the petitioner, accepted a plea of guilty to the offense of theft of property of the United States having a value of not more than $100.00, a misdemeanor.

In Case No. 26,644, the defendant Bates was charged in a superseding indictment with two offenses, both felonies: (1) obstruction of correspondence in violation of 18 U.S.C. § 1702, and (2) possession of stolen mail in violation of 18 U.S.C. § 1708. Respondent, over the objection of the petitioner, accepted a plea of guilty to a violation of 18 U.S.C. § 1701, a misdemeanor.

In Case No. 26,645, the defendant Reed was indicted on two felony counts charging embezzlement of mail in violation of 18 U.S.C. § 1709. Originally, defendant entered a plea of not guilty and waived trial by jury. Counsel for defendant then represented to respondent that his client would plead guilty to obstruction of the mails in violation of 18 U.S.C. § 1701, a misdemeanor. Respondent, over the objection of the petitioner, accepted a plea of guilty to two counts of violation of the misdemeanor statute.

In each case, the respondent set a sentencing date, denied the government's motion to set the case for trial on the offense or offenses charged in the indictment, and dismissed the original charge.

## ISSUE

Simply stated, the fundamental issue before us is whether a defendant may tender, and whether the district court may accept, over the objection of the government, a plea of guilty to a lesser offense necessarily included in the offense charged in the indictment.

## DISCUSSION

The solution to the problem necessarily depends upon a proper construction of Rules 10 and 11,[1] F.R.Crim.P., read in the light of the entire enactment. The rules under scrutiny provide:

"Rule 10.

## ARRAIGNMENT

Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be

1. As amended February 28, 1966, effective July 1, 1966.

given a copy of the indictment or information before he is called upon to plead."

"Rule 11.

PLEAS

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

▉ While the rules are not, and were not intended to be a rigid code having an inflexible meaning irrespective of the circumstances, Fallen v. United States, 378 U.S. 139, 142, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), they were designed to simplify existing procedure and to make uniform certain practices in all district courts. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953). A section of a statute [rule] should not be read in isolation from the context of the entire act. In interpreting the rules, a court must not be guided by a single sentence or a word or phrase in a sentence, but should look to provisions of the whole law and to its object and policy. Richards v. United States, 369 U.S. 1, 10–11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Where a federal criminal statute uses a common law term of established meaning without otherwise defining it, the general practice is to give that term its common law meaning. United States v. Turley, 352 U.S.

407, 411–412, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957).

▉ We find no reason for a distinction between the construction of rules promulgated by the United States Supreme Court under congressional authority and other legislation adopted by the Congress itself.

▉ Armed with these fundamental tenets of construction, we proceed to an analysis of Rule 10, which provides for arraignment. Arraignment is an ancient procedure, the purpose of which is to " * * * inform the accused of the charge against him and obtain an answer from him. * * * " Garland v. State of Washington, 232 U.S. 642, 644, 34 S.Ct. 456, 58 L.Ed. 772 (1914). Historically, it consisted of calling a defendant to the bar, reading the indictment to him or informing him of the charge against him, demanding of him whether he is guilty or not guilty, and entering the plea. It is an important step in a federal criminal case, since it formulates the issue to be tried. Hamilton v. Alabama, 368 U.S. 52, 54, n. 4, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Rule 10, which regulates modern federal arraignment procedure, requires that the *indictment* or *information* be read to the defendant, or that the *substance of the charge* be stated to him. Defendant is then called on *"to plead thereto."* Of notable significance is the requirement that defendant is called on to *plead to the charge* in the indictment or information. He is not called upon to plead to a *lesser* offense that might be included in the charge. Nowhere in the rule do we find language which permits the court to state to a defendant the *substance* of an offense, other than the offense charged.

We now turn to Rule 11. Under established rules of construction, we are obliged to construe the provisions of Rule 11 consistently with the provisions of Rule 10. They each deal with the same general subject. Prior to the adoption of the rules an arraignment encom-

passed, in major part, the substance of both rules. Garland v. State of Washington, *supra*.

█ Under Rule 11, a defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. There is nothing in the text of Rule 11, nor in the cases construing the rule, which supports the theory that a defendant may, over the objection of the government, respond to an indictment by pleading guilty to a lesser included offense. To the contrary, Rule 11, when read consistently with Rule 10, requires the defendant when presenting his plea to address himself only to the charges contained in the indictment.

█ If the framers of the rules had intended to allow a defendant to respond to an indictment by a guilty plea to a lesser offense, and to permit the court to accept such a plea over the objection of the government, they could and would have used language consistent with that intention. That the authors of the rules were sufficiently knowledgeable to insert such language, if they so desired, is demonstrated by the use of similar language in Rule 31(c),[2] which provides that a defendant, after trial, may be found guilty of a lesser included offense. Where a term has been carefully employed in one place and excluded in another, it should not be implied where excluded. City of Burbank v. General Elec. Co., 329 F.2d 825 (9th Cir. 1964).

█ Rule 31, which allows the trier of fact to find a defendant guilty of a lesser included offense, is no authority for the procedure followed by the respondent herein. A verdict under Rule 31 is entered only after the litigation of the factual issues raised in the indictment. It should be noted that, under the Constitution,[3] the government, as well as the defendant, has the right to insist upon a jury determination of those facts. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The practice utilized by the respondent would terminate a criminal proceeding prior to the resolution of the factual issues raised by the indictment and would deprive the government of the right of trial by jury. In short, the government would be denied the opportunity to prove the allegations in the indictment and the defendant would be relieved of the responsibility of entering a plea responsive to that indictment. Such a procedure is contrary to the stated purposes of the rules in question.[3A]

█ We conclude that the plea contemplated by Rules 10 and 11 is a plea to the offense charged in the indictment or information, and that a plea to a lesser included offense may not be tendered, and cannot be accepted by the court, unless the government consents. Even then, the better practice would be for the government to file a superseding information or indictment charging the lesser offense. Hence, under these rules, the respondent had no authority to reduce the charges in the instant cases by accepting the pleas of guilty to the lesser offenses. While this court is deeply concerned with the expeditious disposition of cases on the trial calendars of our district judges, and while we applaud their efforts to find new and innovative methods of keeping abreast of their ever-increasing and highly burden-

---

2. "Conviction of less offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

3. Article III, § 2 of the United States Constitution provides, among other things, that: " * * * the Trial of all Crimes, except in Cases of Impeachment, shall be by Jury. * * * "

3A. Esteybar v. Municipal Court (1971), 5 Cal.3d 119, 95 Cal.Rptr. 524, 485 P.2d 1140, cited by amicus in one of the Gray cases involves the constitutionality of a California statute and is otherwise not in point.

some case loads, we must call a halt to their well-intentioned efforts when, as here, we find no legal justification for the challenged procedures.

In view of our interpretation of Rules 10 and 11, we do not decide whether the actions of the respondent were indeed attempted invasions of the powers of the Executive.[4] Nor do we reach the question of whether the pleas were, in fact, pleas to lesser included offenses, since we have assumed, *arguendo,* that they were. Finally, as we believe that any issues relating to double jeopardy are premature, we do not reach them on this appeal.

In each case, the writ shall issue requiring the respondent to vacate and set aside the plea of guilty and the order dismissing the indictment, with directions to reinstate the indictment and proceed to trial in accordance with established practice and procedure.

This supersedes the opinion reported at 438 F.2d 1160 (9th Cir. 1971).

The petition for rehearing is denied and the suggestion for a rehearing in banc is rejected.

It is so ordered.

*On Petition for Rehearing and Suggestion for Rehearing in Banc*

### ORDER

CHAMBERS, Chief Judge.

A judge in regular active service having requested that the court be polled on the question of the appropriateness of the suggestion for an in banc hearing, the poll was taken. A majority of the court's judges in active service has determined that a rehearing in banc shall not be granted, and it is so ordered. Two of the judges in active service, Judges Ely and Hufstedler, have directed that it be noted that they would have heard the cause in banc.

4. For a discussion of this problem see Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 480–481 (1967);

Smith v. United States, 375 F.2d 243, 246–247 (5th Cir. 1967).