**UNITED STATES of America**

**v.**

**Joseph James ROCCO.**

**Crim. No. 75–126–T.**

United States District Court,
D. Massachusetts.

July 25, 1975.

---

* This opinion reproduces the memorandum prepared for the Court by its law clerk, E. Mabry Rogers.

Asst. U. S. Atty. Robert Collings, James N. Gabriel, U. S. Atty., for the United States.

James B. Krasnoo, Boston, Mass., for defendant.

## OPINION AND ORDER

TAURO, District Judge.

Defendant is charged in a two count indictment with robbing the Boston Five Cents Savings Bank at 295 Cambridge Street, Boston on January 21, 1975. Count 1 charges a violation of 18 U.S.C. § 2113(a). Count 2, based on the same operative facts, alleges further that in "committing the aforesaid acts, [the defendant] did assault and put in jeopardy the lives of employees . . . by use of a dangerous weapon, to wit: a gun; in violation of Title 18, United States Code, Section 2113(d)."

When arraigned on these charges, defendant pled not guilty. On April 15, 1975, defendant entered a change of plea on count one of the indictment. Following a Rule 11 interrogation and a presentment of the Government's basis in fact, which disclosed that a gun was used in the course of the robbery, the court accepted defendant's plea of guilty as to count one of the indictment.

The Government objected to the court's entertaining defendant's change of plea. After the plea was accepted,

the Government refused to dismiss count two of the indictment and requested that the case be set down for trial as to count two. Defendant moved to dismiss count two of the indictment, claiming that trial on that count was barred by the double jeopardy clause of the Fifth Amendment. For the reasons stated below, the defendant's motion to dismiss count two is granted.

Basically, this case raises two issues: 1) Did the court err in accepting a guilty plea as to count one, the simple bank robbery charge and 2) Does the acceptance of the plea bar prosecution for count two, the aggravated bank robbery charge.

By way of background, it is important to note that the Supreme Court has consistently held that section 2113(d) is not a separate crime, but merely makes the offense of simple bank robbery, proscribed by section 2113(a), an aggravated one. *See Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *Holiday v. Johnston*, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941).

The First Circuit has held that because sections (a) and (d) describe the same offense, the double jeopardy clause prohibits entry of two convictions arising out of the same factual occurrence. *O'Clair v. United States*, 470 F.2d 1199 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973). *Accord, United States v. Eatherton*, 519 F.2d 603 (1st Cir. 1975), Slip op. at 16–17. *O'Clair* did not prohibit the filing of an indictment in two counts, charging separate violations of section 2113(a) and section 2113(d). That case, however, did provide that the jury must consider the most serious offense first; if all necessary elements are found for a conviction under section (d), the jury was to return only a verdict for that offense. Only if they found the aggravating elements insufficiently proven were they to consider and render a verdict on that count charging a violation of section (a). The court did not resolve the present issues since

the defendant in *O'Clair* had offered guilty pleas to both counts of the indictment. *O'Clair* intimated, however, that entry of a single plea would probably bar prosecution of the second count.

The appellant apparently claims that since he was first convicted of the lesser included offense of bank robbery, it is his conviction under the second count for the greater offense of aggravated bank robbery which is barred by the double jeopardy clause. *If these convictions were imposed at different times, his claim would probably succeed.* But since both pleas were accepted at the same time and the defendant was obviously admitting the aggravated offense, his claim is clearly without merit.

*O'Clair v. United States,* 470 F.2d at 1204 n. 6. (emphasis added).

## I

The threshold question is whether this court permissibly accepted the defendant's guilty plea as to count one, the simple bank robbery charge. Anticipating the double jeopardy problem that would be posed by its acceptance, the Government objected to the court's entertaining that plea, citing *United States v. Gray,* 448 F.2d 164 (9th Cir. 1971).

■■ The Government is the master of the form of indictment that issues. The decision to seek a multi-count indictment for bank robbery and armed bank robbery, as opposed to a single count incorporating the lesser included offense, is within the discretion of the United States Attorney. This basic principle was recognized in *O'Clair* where the court permitted the filing of such a two count indictment, though recognizing that for purposes of clarity and notice to the defendant, one count would be sufficient. *O'Clair v. United States,* 470 F.2d at 1204.

■■ Control over the form of the indictment does not, however, also give the Government control over whether or not guilty pleas may be accepted as to

particular counts. Rule 11 and the cases construing that rule contemplate that the decision to accept or reject a proffered guilty plea is left to the sound discretion of the trial judge. *See, United States v. Biscoe,* 518 F.2d 95, at 96 (1st Cir. 1975); *United States v. Bednarski,* 445 F.2d 364 (1st Cir. 1971).

*Gray,* cited by the Government, is inapposite to the present situation. There, the court ignored the fact that the U.S. Attorney had chosen to proceed on the basis of an aggravated offense by permitting a guilty plea to a lesser included offense. In essence, therefore, *Gray* stands for the proposition that a court may not rewrite the indictment. *O'Clair,* also cited by the Government, does not support its contention that it was an abuse of discretion for this court to accept defendant's plea to count one, the lesser offense. The Government argues that the procedure fashioned in *O'Clair* requiring that the jury consider the aggravated form of bank robbery first forecloses any option of the defendant to plead guilty to the lesser offense. In doing so, the Government reads too much into the *O'Clair* decision.

■ If the Government wanted to foreclose defendant's option to plead guilty to simple bank robbery, it could have done so by fashioning a single count indictment charging the aggravated offense. Instead, it chose the multicount route. It is a matter of black letter law that each count of the indictment is to be given individualized consideration by the trier of fact. Implicit in such a proposition of law is the defendant's right to attempt to eliminate the factual issue as to a particular count by offering a guilty plea. There is no rational basis for the Government's theory. The only clear consequence of sustaining it would be to blur what has been a concept so fundamental that it is included a matter of routine in jury instructions. The Government's theory would effectively leave not only the form of the indictment, but also the permissible pleas to that indictment, solely in the discretion of the United States Attor-

ney. Such a result would be inconsistent with the clearly defined and separate powers of the executive and judicial branches.

■ When a plea is voluntary and has a basis in fact, it would be an abuse of discretion for a court to refuse to accept it merely because the defendant is unwilling to plead guilty to other counts in the indictment. Although it is clear that the defendant has no absolute right to plead guilty, the First Circuit has stated that the district courts "must seriously consider accepting a tendered plea *if it is fully satisfied, even though the defendant asserts his actual innocence* . . . ." *United States v. Bednarski,* 445 F.2d 364, 366 (1st Cir. 1971). There is no logic to the Government's theory that the obligation of the district court to consider defendant's proffered plea is somehow lessened when defendant admits his guilt as to one count, but is unwilling to admit his guilt as to another.

Considering the matter as one left to its discretion, this court accepted the guilty plea to the lesser offense.

## II

The next issue involves the consequences of this court's acceptance of defendant's guilty plea to the lesser offense. The Government contends that the double jeopardy clause should not bar prosecution of the second count in this indictment since there is a material element of that offense, use of a dangerous weapon, that has not been litigated or conceded by the guilty plea as to count one. The Government argues that, if the defendant is found guilty on count two, the plea of guilt and conviction under the first count should be vacated. This approach, according to the Government, exposes the defendant to sentencing on only the aggravated charge, count two, and would be consistent with the mandate of *O'Clair.*

■ The Government's approach is innovative, but overlooks the fact that counts one and two deal with the same operative facts. Indeed, the basis in

fact for defendant's guilty plea as to the lesser offense included the fact that a gun was used. Moreover, *O'Clair* makes clear that the statute contemplates one crime and not two. Inclusion of the aggravated element, a gun, did not create a separate offense but merely affected the potential consequences of such aggravated behavior in terms of permitting a more severe sentence. In short, we are not dealing with apples and oranges here. We are dealing with one big apple which the Government chose to package in two parts. It had the right to do so, but must bear the consequences of its choice. Jeopardy attached upon acceptance of defendant's guilty plea as to count one. *U. S. v. Jerry*, 487 F.2d 600, 606 (3rd Cir. 1973). *See Mullreed v. Kropp*, 425 F.2d 1095 (6th Cir. 1970). The Government cannot avoid the clear jeopardy mandate of the Fifth Amendment by the simple device of moving to vacate a prior conviction. Accordingly, the defendant's motion to dismiss count two of this indictment is granted.

So ordered.