**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carl L. COMBS, Defendant–Appellant.**

No. 80–1071.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 5, 1980.

Decided Nov. 18, 1980.

R. Raymond Twohig, Jr., Asst. Federal Public Defender, Albuquerque, N. M., for defendant–appellant.

Thomas S. Udall, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, N. M., with him on brief), for plaintiff–appellee.

Before McKAY, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Carl L. Combs appeals from his conviction for violating the Federal Bank Robbery Act, 18 U.S.C. § 2113. The issues on appeal concern application of the Fifth Amendment's prohibition against double jeopardy. The relevant facts are not in dispute.

In November 1979 defendant was charged in two counts of a single indictment with violating 18 U.S.C. § 2113. Count I charged violation of § 2113(a) (bank robbery) and of § 2113(d) (assault while engaged in bank robbery). Count II charged violation of subsection (b) (bank larceny).[1] The charges arose out of a single incident in which Combs used a knife to threaten a bank officer and to take $3,657 from a bank in New Mexico.

Defendant pleaded not guilty to both counts at his arraignment. In December 1979, prior to trial, he changed his plea on Count II to guilty. The court accepted the plea after following the procedures set forth in Fed.R.Crim.P. 11 but entered no judgment or final order. Count I was not dismissed at that time. In January 1980 defendant moved for dismissal of Count I for double jeopardy reasons. Four days later the motion was denied, and trial was held to a jury on Count I, resulting in a verdict of guilty. The judge merged the verdicts based on the plea and the jury conviction, and gave one sentence of twenty years. This is the maximum allowable sentence under subsection (a), five years less than the maximum under subsection (d), but ten years in excess of that allowed by subsection (b). The issues we must decide are (1) whether bank larceny and bank robbery are the same offense in this context, and if so, (2) whether the trial on the bank robbery count violated the Double Jeopardy Clause.

The trial judge concluded that jeopardy had attached when he accepted the guilty plea on Count II, but he held that the offenses charged were not the same offense for double jeopardy purposes and thus no Fifth Amendment violation had occurred. Alternatively, he held that defendant's actions of pleading guilty to one charge in a two–count indictment caused a bifurcated prosecution, and double jeopardy does not bar "successive prosecutions" in that context. We affirm the ultimate finding that the conviction does not offend the Double Jeopardy Clause, but our reasoning differs somewhat from that of the trial court.

I

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy." The threshold inquiry is whether the offense to which the plea of former jeopardy is asserted is the same offense to which Combs had previously pleaded guilty.

The trial court here concluded bank larceny and bank robbery are not the same offense for double jeopardy purposes, reasoning first that bank larceny requires proof of the specific intent to steal or purloin, while bank robbery requires only general intent. Second, recognizing that of-

---

1. 18 U.S.C. § 2113 provides in pertinent part as follows:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both;

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty–five years, or both.

fenses may be the same for constitutional purposes, although they are not technically greater and lesser included offenses, *see Brown v. Ohio*, 432 U.S. 161, 164, 166–67 n.6, 97 S.Ct. 2221, 2224, 2225–2226 n.6, 53 L.Ed.2d 187 (1977), the court applied the test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and found the offenses charged here were not the same. We do not agree.

Bank robbery and bank larceny as proscribed in 18 U.S.C. §§ 2113(a) and (b) are lesser and greater forms of the same offense and hence may not be the basis of cumulative punishment. *United States v. Leyba*, 504 F.2d 441 (10th Cir. 1974), *cert. denied*, 420 U.S. 934, 95 S.Ct. 1139, 43 L.Ed.2d 408 (1975) (separate penalties under 18 U.S.C. §§ 2113(a), (b) and (d) improper, whether imposed consecutively or concurrently). *See also Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *Kienlen v. United States*, 379 F.2d 20, 23 (10th Cir. 1967). Although the specific offenses before the Supreme Court in *Prince* were unlawful entry and robbery, the Court considered the question as it involved robbery and larceny, 352 U.S. 327, n.7, 77 S.Ct. 406 n.7. The Court determined that the purpose of Congress in enacting 18 U.S.C. § 2113 was to establish lesser offenses in the Act but not to pyramid the punishment of the offenses and thus held cumulative punishment for those offenses is forbidden.

When offenses are the same for purposes of barring consecutive sentences, "they necessarily will be the same for purposes of barring successive prosecutions." *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977). Therefore, the offenses charged in the indictment against Combs are the same offense for purposes of double jeopardy analysis.

## II

We now must consider defendant's claim that the trial court's failure to dismiss Count I following its acceptance of the guilty plea on Count II, but before judgment and sentencing, resulted in defendant being twice placed in jeopardy for the same offense.

The Double Jeopardy Clause prohibits multiple punishment for the same offense and successive prosecution after either an acquittal or a conviction for the same offense. *Illinois v. Vitale*, —— U.S. ——, ——, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1976).

No multiple punishment problem is presented in this case because at the end of trial, the judge merged the guilty plea and the jury verdict and imposed a single sentence. *See Green v. United States*, 365 U.S. 301, 305–06, 81 S.Ct. 653, 655–656, 5 L.Ed.2d 670 (1961) (formal defect of sentencing on lesser offense under 18 U.S.C. § 2113 did not exhaust trial judge's power to sentence on aggravated bank robbery charge).

The principles prohibiting successive prosecutions embody "a constitutional policy of finality for the defendant's benefit," *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion), that "serves principally as a restraint on courts and prosecutors." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). This policy prohibits the government from relitigating a prior acquittal. *See Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Green v. United States*, 355 U.S. 184, 190 n.11, 78 S.Ct. 221, 225 n.11, 2 L.Ed.2d 199 (1957). Furthermore, it protects a defendant from attempts to relitigate a prior conviction for the same offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *In re Nielson*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). Accordingly, a prosecutor dissatisfied with a sentence cannot reinstitute charges against the defendant in an attempt to achieve what the prosecutor believes to be a more "just" punishment. *See generally Twice in Jeopardy*, 75 Yale L.J. 262, 262–67, 277–83 (1965).

■ In the instant case, we face the question whether the trial on Count I after the guilty plea on Count II was an imper-

missible second prosecution. Because we agree with the government's contention that the acceptance of the plea and the trial constituted only one criminal prosecution, we find no violation of the guarantee against successive prosecution. Defendant was charged in a single indictment; although he pleaded guilty to the lesser charge, judgment and sentencing were deferred until after trial. *See United States v. Goldman*, 352 F.2d 263, 266 (3d Cir. 1965) (court's acceptance of defendant's change of plea to guilty on one of two counts during trial was not a judgment and continuation of trial did not violate the Double Jeopardy Clause); *United States v. Scarlata*, 214 F.2d 807 (3d Cir. 1954) (dismissing both statutory claim and double jeopardy claim that prosecution was barred by prior guilty plea on which no judgment had been entered). The trial court did not dismiss the bank robbery count when it accepted the plea to the bank larceny count, and the record shows that the parties, as well as the court, believed the bank robbery count remained alive.[2] We believe the acceptance of the plea constituted neither an acquittal on the bank robbery count nor termination of the trial process.[3]

Defendant was entitled to request withdrawal of his plea. Fed.R.Crim.P. 32(d). *See Kienlen v. United States*, 379 F.2d 20 (10th Cir. 1967). The court could have withdrawn the plea even over an objection by defendant upon determining that there was no factual basis for it. Fed.R.Crim.P. 11(f). Until entry of judgment and sentencing on the accepted guilty plea, defendant had not been formally convicted. *See High v. United States*, 288 F.2d 427 (D.C. Cir.), *cert. denied*, 366 U.S. 923, 81 S.Ct. 1350, 6 L.Ed.2d 383 (1961). *But see United States v. Rocco*, 397 F.Supp. 655 (D.Mass. 1975) (holding jeopardy attaches when the guilty plea is accepted).

Although defendant's plea terminated one-half of the inquiry, it did not terminate the trial. The judge accepted defendant's plea but deferred judgment until after the full trial. Thus, defendant was required to prepare for and participate in a single trial. Defendant candidly concedes the plea on Count II was given to avoid trial and to lay a foundation for raising a double jeopardy defense. Defendant asserts he was entitled to plead guilty to bank larceny and end the prosecution because the offenses were set forth in separate counts, even though he would not have been able to so plead had both offenses been placed in a single count. *See United States v. Gray*, 448 F.2d 164 (9th Cir. 1971), *cert. denied*, 405 U.S. 926, 92 S.Ct. 974, 30 L.Ed.2d 798 (1972). We see no constitutional principle that suggests the manner of pleading a single indictment should affect the question of double jeopardy. *See United States v. Goldman*, 352 F.2d 263 (3d Cir. 1965). The fact that *Goldman* involved a plea of guilty to one of two counts *during* the course of trial is not a basis for distinguishing it from the present case.

For these reasons, the judgment is

AFFIRMED.

BREITENSTEIN, Circuit Judge, concurring in part and dissenting in part.

My colleagues agree that for the purpose of double jeopardy analysis Counts I and II are the same offense. I do not agree and therefore dissent. Judge Logan affirms the conviction because the case presents a sin-

---

2. At the plea hearing, defendant's counsel advised the court that there was no plea bargain with the prosecution. He then stated, "My client has chosen to plead guilty to Count II, and that does not dispose [of] Count I." Defendant affirmed to the court that this statement was correct.

3. This decision is in no way contrary to *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In that case, the Supreme Court contrasted a guilty plea to other admissions against interest, holding that a guilty plea may not be admitted into evidence after a court has allowed its withdrawal. Central to the decision is the conclusiveness of the plea as an evidentiary matter. As evidence of the conclusive nature of a plea, the Court noted that a defendant may be bound by his admission in a guilty plea. This fact does not, however, mean that acceptance of the plea without more binds the court to terminate the trial at that point.

gle rather than successive prosecution. Judge McKay rejects the single prosecution concept and would reverse apparently on the ground that the guilty plea to Count II is a conviction of a lesser included offense and double jeopardy bars a trial of the greater offense. I agree with the result reached by Judge Logan and would affirm.

Count I charges violation of 18 U.S.C. §§ 2113(a) and (d). Count II charges violation of § 2113(b). Section 2113 creates and defines several crimes incidental and related to thefts from banks. *Prince v. United States*, 352 U.S. 322, 323–324, 77 S.Ct. 403, 404–405, 1 L.Ed.2d 370. Subsection (a) covers taking "by force and violence or by intimidation." Subsection (b) covers taking and carrying away "with intent to steal or purloin." Subsection (d) increases the penalty when violations of (a) or (b) are accompanied by assault or jeopardy of life by use of a dangerous weapon or device. Because no additional penalty was imposed under (d), that subsection is of no pertinence to this discussion.

The joinder of offenses was proper under Rule 8(a), F.R.Crim.P. Subsection (a) requires proof of violence or intimidation with general intent to deprive a bank of something of value. Subsection (b) requires proof of taking with the specific intent to steal. Under the test held applicable for determination of whether two offenses are the same for double jeopardy purposes, see *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, and *Illinois v. Vitale*, 447 U.S. ——, 100 S.Ct. 2260, 65 L.Ed.2d 228, double jeopardy does not bar the trial on Count I.

Cumulative sentences under § 2113 are forbidden when the same episode results in convictions under more than one of its subsections. The prohibition is of no pertinence in this case because no cumulative sentence was imposed. *Brown v. Ohio*, supra, 432 U.S. at 166, 97 S.Ct. at 2226, says that, if two offenses are the same to bar cumulative sentences, "they necessarily will be the same for purposes of barring successive prosecutions." *Brown* considered two separate state offenses. The defendant was first charged with, and pleaded guilty to, joyriding. He was later indicted for both vehicle theft and joyriding. There were two separate and distinct prosecutions. The Court held that double jeopardy barred the second prosecution. The case at bar presents one, single prosecution.

The law applicable to lesser included offenses is of no pertinence. Rule 8(a) requires that there be a separate count for each offense. A joinder of subsection (a) with subsection (b) violates the rule and is duplicitous. The prime reason for the rule against duplicity is the protection of the defendant. See *United States v. Starks*, 3 Cir., 515 F.2d 112, 116–117. We are not concerned with what might have happened but with what did happen.

We have one episode, one indictment with two properly joined counts, a guilty plea to one count, a guilty verdict on the other count, one trial, and one noncumulative sentence. When defendant pleaded guilty to Count II, the offense carrying the lesser penalty, both he and his lawyer knew that the plea did not dispose of Count I which carried the greater penalty. The plea was made with the intent to establish a basis for a double jeopardy claim. In accepting the guilty plea to Count II, the court fully complied with Rule 11, F.R.Crim.P. Sentence was deferred. After the guilty verdict on Count I, the court merged the two counts for sentence. Defendant makes no claim of prosecutorial or judicial overreaching, oppression, harassment, or other misconduct.

Discussion of whether acceptance of a guilty plea is tantamount to a jury verdict and of whether acceptance of such plea is a judgment has no pertinence to the instant case. Not only do we have a single prosecution but also a situation for which the defendant is solely responsible. Acceptance of a double jeopardy claim in the situation presented will throw the criminal law into a state of confusion. Neither the prosecution nor the court will know how to proceed when one episode presents plural offenses.

I suggest that a defendant cannot avoid a rape prosecution by a guilty plea to indecent liberties. See *Lambert v. People*, 102 Colo. 415, 80 P.2d 443, 444.

*United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 says that "the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." Defendant made his choice with full knowledge that the government intended to proceed on Count I. His clever maneuver does not forestall trial and conviction of Count I. The judgment should be affirmed.

McKAY, Circuit Judge, concurring in part and dissenting in part:

█ I fully concur with Part I of Judge Logan's opinion, which concludes that bank larceny and bank robbery are the "same offence" for double jeopardy purposes. However, I cannot agree with Part II. The conclusion that acceptance of a guilty plea for bank larceny does not bar trial for bank robbery is based on a formalistic distinction unrelated to double jeopardy policies and in my view works serious damage to the fabric of double jeopardy protection.

If the district court had entered judgment and imposed sentence on the guilty plea for larceny, trial on the robbery charge would have been impermissible. I fail to see how in logic or policy the defendant's double jeopardy protection should turn on whether or not, after accepting a guilty plea, the judge has performed the formal act of entering judgment and imposing sentence.

The time at which jeopardy attaches is "the lynchpin for all double jeopardy jurisprudence." *Crist v. Bretz*, 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978) (quoting *Bretz v. Crist*, 546 F.2d 1336, 1343 (9th Cir. 1976)). In a criminal proceeding which eventuates in trial, jeopardy attaches when the jury is sworn; in a nonjury trial, it attaches when the judge begins to receive evidence. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Where there is no plenary trial because the defendant pleads guilty, the case law clearly indicates that jeopardy attaches upon the court's acceptance of the guilty plea, unless the plea is made in a sham proceeding or the court lacks jurisdiction. *See, e. g., United States v. Jerry*, 487 F.2d 600, 606 (3d Cir. 1973); Annot., 75 A.L.R.2d 683 (1961). Guilt is established by the guilty plea, and the plea is ordinarily tantamount to a conviction. *E. g., Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927) ("A plea of guilty . . . is itself a conviction. Like a verdict of a jury it is conclusive. . . . [T]he court has nothing to do but give judgment and sentence.").

Jeopardy means exposure to the risk of a determination of guilt or innocence. A defendant who pleads guilty and has his guilty plea accepted by the court obviously faces the risk of a determination of guilt. This risk is worthy of double jeopardy protection. By pleading guilty, the defendant admits all material facts alleged in the charge, *Kahl v. United States*, 204 F.2d 864, 866 (10th Cir. 1953), and waives nonjurisdictional defects in the proceeding. 1 C. Wright, *Federal Practice and Procedure* § 175, at 380–82 (1969). He also waives several constitutional rights, including the privilege against self–incrimination, the right to trial by jury, and the right to confront accusers, *see McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), as well as his right to object to some, though not all, antecedent constitutional violations, *see Menna v. New York*, 423 U.S. 61, 62 n.2, 96 S.Ct. 241, 242 n.2, 46 L.Ed.2d 195 (1975) (per curiam); *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973). A plea of guilty leaves the court nothing to do but impose sentence and enter judgment. 1 C. Wright, *Federal Practice and Procedure* § 175, at 379 (1969).[1]

1. Although a defendant may move for withdrawal of the guilty plea, he is not entitled to such withdrawal as a matter of right. Granting leave to withdraw the plea is discretionary with the trial court, and an appellate court will rarely interfere with this discretion. 2 C. Wright,

The opinion's formalistic distinction between acceptance of the plea and entry of judgment is a distinction without a difference insofar as the policies underlying the double jeopardy clause are concerned. These policies were succinctly set forth by Justice Black in *Green v. United States*:

> [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957).

If the court has accepted a guilty plea, but nevertheless proceeds to trial on the same or a greater or lesser included offense, the "embarrassment, expense and ordeal," the "continuing state of anxiety and insecurity," and any increased risk of unjust conviction are the same whether the district judge has entered formal judgment or not. Surely the formality of entering judgment is not a talisman at which double jeopardy protection suddenly appears. As a general rule, the fifth amendment double jeopardy protection should apply whenever the dangers the clause was designed to prevent are implicated. That they are implicated here is beyond question. Once a defendant's guilt has been determined, it violates the very core of the double jeopardy clause to

constrain him to undergo the trauma of trial for the same offense. *See United States v. Myles*, 430 F.Supp. 98, 101 (D.D.C. 1977) ("[T]he prohibition against multiple punishments and repeated prosecutions also means that once a person has pleaded guilty to a charge, he may not subsequently be prosecuted on other charges that allege the 'same offence.'"), *aff'd mem.*, 569 F.2d 161 (D.C.Cir.1978).

The judge's acceptance of a guilty plea is analogous to a jury's verdict. *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *United States v. Jerry*, 487 F.2d 600, 606 (3d Cir. 1973); *United States v. Fox*, 130 F.2d 56, 58 (3d Cir.) ("The defendant in this case was not found guilty by a jury of his peers but by his own plea. . . . [T]hat is a distinction without a difference."), *cert. denied*, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942). *But cf. United States v. Williams*, 534 F.2d 119, 121–22 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Anderson*, 514 F.2d 583, 587 (7th Cir. 1975); *Ward v. Page*, 424 F.2d 491, 493 (10th Cir. 1970). Had this defendant been tried before a jury, the trial judge's failure to enter judgment and impose sentence after the jury's verdict would make no difference for double jeopardy purposes. Retrial for the same charge, or for a charge which is constitutionally considered to be the "same offence," would be barred. We should not adopt a different rule for defendants who plead guilty rather

*Federal Practice and Procedure* § 537, at 464 (1969). A defendant who has entered a guilty plea on the advice of competent counsel must usually have some reason for attempting to withdraw the plea other than just a desire to stand trial. *Everett v. United States*, 336 F.2d 979, 984 (D.C.Cir.1964); 2 C. Wright, *Federal Practice and Procedure* § 537, at 467–69 (1969). Thus, defendant did not have it within his power, as the majority implies, to remove himself from jeopardy.

Of course, had the court subsequently permitted the withdrawal of the guilty plea, or rejected it under Fed.R.Crim.P. 11(f) for lacking a factual basis, the double jeopardy clause would not bar trial. By withdrawing his guilty plea, a defendant waives his double jeopardy protection. *United States v. Jerry*, 487 F.2d

600, 606 (3d Cir. 1973). Rejection of a plea under Rule 11(f) is analogous to a trial court's sua sponte declaration of mistrial in the interest of fairness to the accused and the even-handed administration of justice. *United States ex rel. Metz v. Maroney*, 404 F.2d 233, 236 (3d Cir. 1968), *cert. denied*, 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969). The double jeopardy clause does not prohibit retrial after a mistrial, though declared over the defendant's objection, if there is "manifest necessity" for the mistrial declaration. *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). A proper finding that a guilty plea lacks a factual basis would constitute "manifest necessity" for a full trial to determine the guilt or innocence of the accused.

than place their guilt in issue. Such a distinction is an unjustifiable reversion to a narrow English view of double jeopardy protection.[2]

Society's interest in having one complete and fair opportunity to convict an accused, as important as it is, may not override a constitutional protection. In any case, that societal interest was clearly vindicated here: a conviction was assured, and the defendant faced a possible ten–year sentence after the acceptance of the guilty plea. Society has no interest in subjecting an accused to a trial for a trial's sake alone. The extraordinary expenditure of judicial time at both the trial and appellate levels in this case was directed not at securing a conviction for a serious crime, but only at extending an already potentially severe sentence.

The basis for Part II of the opinion lies in the conclusion that the acceptance of the plea and the trial were both part of "one criminal prosecution." Affixing this label, however, even were it a correct one, does not resolve the double jeopardy issue. In *Kepner v. United States*, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904), the prosecution sought a trial *de novo* in an appellate court after an acquittal in a bench trial. Although *Kepner* involved only a "single proceeding," *see United States v. Wilson*, 420 U.S. 332, 347 & n.16, 95 S.Ct. 1013, 1024 & n.16, 43 L.Ed.2d 232 (1975), the Supreme Court regarded a second factfinding as the equivalent of a second trial and held it barred by double jeopardy principles.[3]

A new trial after a mistrial and an appeal from a midtrial dismissal can each be characterized as a single criminal prosecution. Such labeling does not obviate the need to analyze each such situation in light of double jeopardy principles, however. Both involve serious double jeopardy concerns and are permitted only in carefully defined circumstances. *See United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (government appeal from midtrial dismissal); *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion) (mistrial).

*United States v. Goldman*, 352 F.2d 263 (3d Cir. 1965), cited in Part II of the opinion, concluded that acceptance of a defendant's change of plea to guilty on one count of a two–count indictment during trial was not a judgment, and that continuation of trial on the other count did not violate the double jeopardy clause. However, the same circuit has also held that jeopardy attaches upon acceptance of a guilty plea. *United States v. Jerry*, 487 F.2d 600, 606 (3d Cir. 1973). In the case before us jeopardy attached to Count II when the court accepted the defendant's guilty plea. It attached to Count I when trial of Count I began. Since Counts I and II are the same offense for double jeopardy purposes, the defendant was twice put in jeopardy for the same offense.

Also cited in Part II of the opinion is *United States v. Scarlata*, 214 F.2d 807 (3d Cir. 1954). However, *Scarlata* merely held that a plea of guilty is not a "judgment of conviction" as that phrase is used in 18 U.S.C. § 659, which provides: "A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts." The court decided the issue on the basis of statutory interpretation, not double jeopardy analysis. 214 F.2d

---

2. The English common law followed, as it does now, the rule that a criminal defendant has been put in jeopardy only when there has been a formal conviction or acquittal, *i. e.*, after a complete trial. While in the early years of American history the double jeopardy clause was considered to be equally narrow in scope, this interpretation did not endure. Beginning with the Supreme Court's decision in *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824), it became firmly established that a criminal defendant can be put in jeopardy even in a prosecution that does not culminate in a final conviction or acquittal. *Crist v. Bretz*, 437 U.S. 28, 33–34 & n.10, 98 S.Ct. 2156, 2159–2160 & n.10, 57 L.Ed.2d 24 (1978).

3. Although the challenge in *Kepner* was based on statutory grounds, the Supreme Court has accepted *Kepner* "as having correctly stated the relevant double jeopardy principles." *United States v. Wilson*, 420 U.S. 332, 346 n.15, 95 S.Ct. 1013, 1023 n.15, 43 L.Ed.2d 232 (1975).

at 809; *see Riadon v. United States*, 274 F.2d 304, 305–06 (6th Cir.), *cert. denied*, 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189 (1960). The only double jeopardy discussion in the opinion was as follows:

> There is double jeopardy language in the appellant's brief. If, by that language, it is intended to raise a constitutional argument, no more need be said than that it is absolutely without merit.

214 F.2d at 809. The reason the court rejected the appellant's double jeopardy argument, such as it was, is obvious. The Supreme Court has held that the double jeopardy clause does not prohibit a federal prosecution after a state prosecution. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

The only reference *Scarlata* made to the issue before us tends to contradict rather than support Part II of the opinion: "It may well be that a plea of guilty is a conviction in the same sense in which a jury verdict is a conviction." 214 F.2d at 809.

*United States v. Rocco*, 397 F.Supp. 655 (D.Mass.1975), is a case remarkably similar to the one before us. Count I charged the defendant with violating 18 U.S.C. § 2113(a) (bank robbery). Count II, based on the same facts, charged a violation of 18 U.S.C. § 2113(d) (assault while engaged in bank robbery). The defendant pleaded guilty to Count I of the indictment, which plea was accepted by the court. Pointing out that the two sections charged the same offense for double jeopardy purposes, the district court held that trial on Count II was barred by the double jeopardy clause:

> In short, we are not dealing with apples and oranges here. We are dealing with one big apple which the Government

chose to package in two parts. It had the right to do so, but must bear the consequences of its choice. Jeopardy attached upon acceptance of defendant's guilty plea as to count one.

*Id.* at 659.

The better procedure for the government to follow in a case such as this is to charge the defendant with the greater offense, and then to request a lesser included offense instruction. *See generally Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); Fed.R.Crim.P. 31(c). *But see Ekberg v. United States*, 167 F.2d 380, 385 (1st Cir. 1948).

There are several reasons why the government might charge both the greater and lesser included offenses in an indictment: (1) the government might mistakenly believe that they are not greater and lesser included offenses, but separate offenses; (2) to obtain a more favorable position for plea negotiation; and (3) to enhance the possibility of conviction on a single count by creating the impression that multiple offenses were committed, *United States v. Mamber*, 127 F.Supp. 925, 927 (D.Mass.1955).[4] In even the most innocent of the above circumstances, where the government is mistaken, the consequences of the error should fall on the government, not on the defendant.[5]

This is a straightforward bank robbery case in which the prosecution could have had little doubt of success. From charge through appeal the prosecution has tried to squeeze multiple convictions and sentences from one criminal act. When the defendant sought to counter this increasingly common prosecutorial practice ("piling on the charges" in order to "up the ante")[6] by

---

**4.** While these possible reasons for the government's action implicate due process more than double jeopardy concerns, I list them to demonstrate that the government has no legitimate interest in pursuing the practice of charging both the greater and the lesser included offense in an indictment.

**5.** The burdens are not insubstantial. This defendant faced a trial in which both the prosecutor and the judge were going to treat the two offenses as distinct. No lesser included offense instruction would have been permitted. As far

as the defendant knew, he faced conviction and punishment for each count. Such a belief would more readily induce a defendant to plea bargain rather than face multiple sentences for the "two" offenses, or plead guilty to one count in the hope of more favorable treatment on the other count.

**6.** *See, e. g., United States v. Smyer*, 596 F.2d 939 (10th Cir.), *cert. denied*, 444 U.S. 843, 100 S.Ct. 84, 62 L.Ed.2d 55 (1979) (prosecution filed eleven separate charges for removal of fragments from two archaeological digs).

electing to plead guilty to the lesser included offense, the trial court permitted the prosecution to escape the consequences of its action. This court now joins in placing the sole risk and burden of such practices on the defendant. If society's interests were not fully vindicated by the procedures followed, the fault was the prosecution's, not the defendant's.

To be sure, the trial court below was working under the mistaken impression that bank larceny is not a lesser included offense of bank robbery. However, the effect of today's judgment is to punish this defendant even though his understanding of the applicable law was correct. Criminal defendants should not bear the burden of judicial or prosecutorial error.