986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis S. FUNKHOUSER, Petitioner-Appellant,
v.
James L. SAFFLE; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-5131.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Dennis Stephen Funkhouser, a prisoner in the Joseph Harp Correctional Center in Oklahoma, appeals the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He was convicted by a jury of felony murder and first degree burglary, and received consecutive sentences. On appeal to the Oklahoma Court of Criminal Appeals, petitioner's first degree burglary conviction was ordered set aside on the basis that the underlying burglary merged into the proof required for felony murder. The first degree murder conviction and sentence were affirmed. Funkhouser v. State, No. F-85-70 (Okla.Cr.App.1989) (unpublished).
 
 
 3
 Petitioner then sought habeas corpus relief in federal court making five contentions: (1) he was denied due process because his competency hearing followed his conviction, (2) he was tried and convicted of two crimes arising from a single transaction, thereby exposing him to double jeopardy, (3) the record contains insufficient evidence to convict him as charged, (4) cumulative prosecutorial errors require reversal, and (5) the state court erred in admitting evidence petitioner committed another crime. All of these issues were raised in his state appeal following his conviction. The district court denied relief.
 
 
 4
 Because only federal constitutional errors can be the basis for federal habeas relief from a state conviction, we can consider only federal constitutional issues on appeal.
 
 
 5
 In his briefs on appeal petitioner focuses only on the fact that he was convicted of two crimes arising out of the same facts, murder and burglary. Even though the burglary conviction was set aside by the Oklahoma Court of Criminal Appeals, petitioner asserts his conviction for murder must fall on double jeopardy grounds. Petitioner argues that because the indictment listed burglary as count one and felony murder as count two, he was first convicted of burglary, and, therefore, it violated double jeopardy to convict him of felony murder, even though the judgment on both counts was rendered in the same trial. We reject this argument.
 
 
 6
 It was entirely proper to dismiss the burglary conviction because it was the underlying felony supporting the felony murder charge, and hence a lesser included crime. Brown v. Ohio, 432 U.S. 161, 165 (1977); Perry v. State, 764 P.2d 892, 898 (1988). But the sequence of the charges in a single indictment is of no consequence. See United States v. Combs, 634 F.2d 1295, 1298 (10th Cir.1980), cert. denied, 451 U.S. 913 (1981). We agree with the district court that the double jeopardy issue is no longer viable.
 
 
 7
 We cannot determine whether petitioner intended to preserve for appeal the other issues raised in the district court by his reference in his appellate brief to the federal and state courts "improperly determin[ing] that the Appellants conviction was proper under the harmless error standard of review based upon statutory guidelines." Appellant's Brief at 2. Because any second petition raising these issues would be subject to dismissal as successive or on other grounds, we treat these issues as properly before us. After reviewing the extensive record, we affirm the district court on all other issues raised in the district court for substantially the reasons stated in the magistrate judge's Report and Recommendation of August 23, 1991. We independently reviewed the transcript of the trial as required by Jackson v. Virginia, 443 U.S. 307, 324 (1979). We agree that the record contains ample evidence for a rational trier of fact to find petitioner was guilty beyond a reasonable doubt.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3